IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KELVIN L. DICKERSON,

    Movant,

vs.                                       No. CV 18-00746 JB/KBM
                                           No. CR 13-03901 JB

UNITED STATES OF AMERICA,

    Respondent.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts on Movant Kelvin Dickerson's Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255. (Cr Doc. 91). It appears on the face of the Motion and the record in No. CR 13-03901 JB that the motion was not filed within one year as required by 28 U.S.C. § 2255(f). Therefore, the Court will order Movant Dickerson to show cause why the Motion should not be dismissed as untimely.

Section 2255(f) states:

> "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases

1

> on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Dickerson was sentenced and judgment was entered on December 15, 2014. (CR Doc. 69, 70). Dickerson appealed and the Tenth Circuit reversed, in part, on February 27, 2017. (CR Doc. 88). Based on the Tenth Circuit's decision, Dickerson was re-sentenced on March 16, 2017. (Doc. 90; CR Doc. 91 at 19). Movant Dickerson did not appeal from the Second Amended Judgment entered March 16, 2017. Dickerson's § 2255 Motion was not filed until August 3, 2018, more than one year after the Second Amended Judgment became final. (CR Doc. 91). It appears on the face of Dickerson's Motion that his filing is untimely for purposes of 28 U.S.C. § 2255(f)(1). *See* CR Doc. 91 at 1, 19; *Clay v. United States*, 537 U.S. 522, 524 (2003).

Dickerson's Motion under 28 U.S.C. §§ 2255 was not filed until August 3, 2018, more than one year after the Second Amended Judgment became final. Unless there is a basis for the limitation period to run from a different date or for tolling of the time, Dickerson motion is untimely under 28 U.S.C. § 2255(f). Therefore, the Court will order Movant Dickerson to show cause why his Motion should not be dismissed as untimely. In his response to this Order, Dickerson shall identify any basis he claims for timeliness of his Motion under § 2255(f), including any basis for equitable tolling, and shall set out the facts supporting such a basis. To be entitled to equitable tolling, a movant must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Lawrence v. Florida,* 549 U.S. 327, 336 (2007) (citing *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Yang. v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008). If Dickerson fails to show cause within thirty days, the Court may dismiss his Motion as untimely without further notice.

IT IS ORDERED that Movant Kelvin L. Dickerson shall, within thirty (30) days of entry of this Order, show cause why his Motion to Vacate, Set Aside Criminal Conviction and Sentence Pursuant to 28 U.S.C. Section 2255 should not be dismissed as untimely under 28 U.S.C. § 2255(f).

_____
UNITED STATES MAGISTRATE JUDGE